IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LAURA S. BELLINGER,

    Plaintiff,

v.

COOS BAY SCHOOL DISTRICT,

    Defendant.

Case No. 6:13-cv-01443-AA
OPINION AND ORDER

---

Glenn Solomon
Attorney At Law
1001 S.W. Fifth Avenue
Portland, Oregon 97204
    Attorney for plaintiff

Rebekah Jacobson
Garrett Hemann Robertson P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301
    Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Coos Bay School District moves for summary judgment on plaintiff Laura Bellinger's claim pursuant to Fed. R. Civ. P. 56. The Court held oral argument on October 14, 2014. For the reasons set forth below, defendant's motion is granted and this case is dismissed.

## BACKGROUND

In October 2009, plaintiff began substitute teaching for Millicoma Intermediate School ("Millicoma"), located in defendant's school district. Millicoma's principal, Travis Howard, hired plaintiff for a temporary, full-time sixth grade teaching position for the 2009-2010 school year. At the end of the year, Mr. Howard provided plaintiff with a performance evaluation. Although she scored well on a formal in-class observation, plaintiff received an overall score of 69 out of 150 - the lowest evaluation score of any teacher at Millicoma that year. Nonetheless, plaintiff was rehired for a second temporary teaching position at Millicoma in November 2010 that lasted through the end of the 2010-2011 school year.

In 2012, defendant advertised two permanent teaching positions at Millicoma for the fifth and sixth grades. Plaintiff submitted applications for both jobs. She was 51 years old when she applied and had never held a permanent teaching position. Further, plaintiff neither had an advanced degree nor completed any continuing education since obtaining her undergraduate degree in 1997. Mr. Howard did not consider plaintiff for the fifth grade job opening because the position closed after the teacher who resigned

Page 2 - OPINION AND ORDER

decided to return. Although the sixth grade position remained open, Mr. Howard did not submit plaintiff's application to the hiring committee.[1]

The committee ultimately offered the sixth grade position to two younger applicants. The first individual was 37 years old, held a master's degree in teaching, and had three years of full-time, substitute teaching experience. The second individual was 29 years old, held a master's degree in education, and had six years of permanent teaching experience. In August 2012, after both applicants declined the position, the job was re-posted and plaintiff reapplied. Mr. Howard again did not forward plaintiff's application to the hiring committee. The committee ultimately hired a 28 year-old applicant with a master's degree in teaching and four years of full-time substitute teaching experience.

Plaintiff applied for several other permanent teaching positions in 2012, both inside and outside of defendant's district, including a part-time position in the Powers School District, a small, rural district with few students and small class sizes. When contacted by the superintendent of the Powers School District, Mr. Howard recommended plaintiff for the part-time position. Plaintiff received a job offer from the superintendent of the Powers School District, however, plaintiff declined that offer. Plaintiff was not

---

[1] At Millicoma, Mr. Howard was responsible for initially screening all job applications and then submitting a selection of the most desirable individuals to the hiring committee. The hiring committee would recommend an applicant from the pool of candidates. Mr. Howard would then make a recommendation to the District Superintendent who made the final hiring decision.

Page 3 - OPINION AND ORDER

offered any other permanent employment positions, although she did receive one interview with another school district. Plaintiff acknowledges that she did not receive a job offer in that instance because someone more qualified was hired; further plaintiff does not allege any discrimination associated with the other permanent teaching positions she applied for but did not receive.

On September 11, 2012, plaintiff filed a complaint with Oregon's Bureau of Labor and Industries (BOLI). After investigating the complaint, BOLI found substantial evidence of an unlawful employment practice - i.e. failure to hire on the basis of age. On August 16, 2013, plaintiff filed a complaint in this Court, alleging a claim for age discrimination under the Age Discrimination in Employment Act (ADEA).

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477

U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact are resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

This dispute centers on whether defendant's failure to select plaintiff for a sixth grade teaching position at Millicoma constituted unlawful discrimination under the ADEA. The ADEA prohibits an employer from discriminating against an employee on the basis of age. 29 U.S.C. § 623(a)(1). Where, as here, there is no direct evidence of discrimination, claims under the ADEA are governed by the burden-shifting framework described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) (internal citation omitted). Pursuant to this framework, the plaintiff must first establish a prima facie case. Id. If the plaintiff proves a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. Id. If the defendant "satisfies its burden, the employee must then prove that the reason advanced by

the employer constitutes mere pretext for unlawful discrimination." Id. At all times, the plaintiff retains the burden of persuasion to establish that "age was the 'but-for' cause of the employer's adverse decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009).

Thus, to initially survive summary judgment, plaintiff must establish a prima facie case of age discrimination. It is undisputed that plaintiff met the minimum qualifications for the sixth grade teaching position, was at least 40 years old, and was not hired in lieu of a substantially younger individual. It is further undisputed that plaintiff was less qualified - both in terms of education and teaching experience - than the applicants that were ultimately offered teaching positions at Millicoma. The parties disagree, however, as to whether a prima facie case requires a showing that the other applicants were at least similarly situated - i.e. that they possessed equal or inferior qualifications to those of plaintiff. Plaintiff argues that this is a failure-to-promote case, such that she need only prove that the position was offered to a substantially younger applicant. Conversely, defendant argues this is a failure-to-hire case and summary judgment should be granted because the selected applicants had qualifications far superior to plaintiff's.

This Court finds that, as a matter of law, the failure-to-hire standard governs in the case at bar. See, e.g., Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185 (9th Cir. 2003) (applying failure-to-hire standard to resolve a discrimination claim made by

Page 6 - OPINION AND ORDER

a substitute teacher based on the school district's decision not to hire her for several full-time teaching positions); Srinivasan v. El Monte Union High Sch. Dist., 15 F.3d 1089 (9th Cir. 1994) (same). Therefore, to state a prima facie case in this context, plaintiff must establish that: (1) she was at least 40 years old; (2) she was qualified for the position; (3) she was not hired; and (4) either substantially younger applicants with equal or inferior qualifications were selected or the plaintiff was rejected under circumstances otherwise "giving rise to an inference of age discrimination." See Diaz, 521 F.3d at 1207 (internal citation and quotations omitted); see also Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987) (the fourth prima facie element hinges on whether "a younger person with similar qualifications received the position") (citation omitted).

Plaintiff failed to state a prima facie case because she offered no argument or evidence that she possessed qualifications equal or superior to those of the successful applicants. See Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, *5 (D.Or. Nov. 7, 2013) ("[i]f a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded") (citation and internal quotations and brackets omitted). Indeed, if this Court accepted plaintiff's logic, employers would be required to hire every minimally-qualified applicant over 40 years old or confront ADEA liability. Without evidence that plaintiff was comparably qualified, defendant's decision "to hire a [more] qualified candidate who happens to be

Page 7 - OPINION AND ORDER

younger does not necessarily evidence discrimination." Robinson v. Pierce Cnty., 539 F.Supp.2d 1316, 1329 (W.D. Wash. 2008) (citation omitted).

Further, to the extent plaintiff relies on language from Shelley v. Geren to argue that the fourth element focuses solely on whether the job "was given to a substantially younger person," her argument is unavailing. Pl.'s Resp. to Mot. Summ. J. 10 (citing Shelley v. Geren, 666 F.3d 599, 608 (9th Cir. 2012)). Plaintiff's complaint confirms that she understood qualification to be a dispositive factor. See Compl. ¶ 11 (alleging that "substantially younger, less qualified candidates were hired"). The fact that, through discovery, evidence was adduced indicating that the selected applicants were more qualified does not obviate this aspect of plaintiff's prima facie case.

Because plaintiff has not proven her prima facie case, this Court declines to examine the remaining steps of the McDonnell Douglas framework. The Court nonetheless notes that even if plaintiff had met her initial burden, it is unlikely she would have survived summary judgment. Defendant proffered legitimate, non-discriminatory reasons for its adverse employment decision, including plaintiff's history of questionable judgment. Sixth Solomon Decl. at 3 (plaintiff brought her son to work on weekends and allowed him to roam the premises unattended; she also took showers and did laundry at the school); see also Fourth Solomon

Decl. at 7-9.[2] These facts, in conjunction with plaintiff's lack of comparable qualifications, undermine her assertions regarding pretext.

## CONCLUSION

Defendant's motion for summary judgment (doc. 23) is GRANTED and this case is DISMISSED. All pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 5th day of November 2014.

                         /s/ Ann Aiken
                         Ann Aiken
                 United States District Judge

---

[2] Because plaintiff's counsel did not numeralize or label the attachments to his declarations, the Court refers to the page numbers assigned in the docket.

Page 9 - OPINION AND ORDER